Chief Justice SCHROEDER,
dissenting.
I respectfully dissent from the decision of the Court. Emphasis must be on respectful in this case, because the Court has properly applied prior case decisions. However, after struggling for many years with the application of I.C. § 12-120(3), it is time to go back to the statute itself and apply it as written. The Court’s decisions, in which this author has participated, have created a patchwork of application that commonly requires more analysis than the substance of the claims in the lawsuit. The Court signaled a change in attitude in Blimka v. My Web Wholesaler, LLC, a Maine Limited Liability Company, and Lisa DePalma, 143 Idaho 723, 152 P.3d 594 (2007). It is proper to follow the lead of that case and apply I.C. § 12-120(3) as written, allowing attorney fees:
In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney’s fees to be set by the court, to be taxed and collected as costs.
The term “commercial transaction” is defined to mean all transactions except transactions for personal or household purposes. The “party” is defined to mean any person, partnership, corporation, association, private organization, the state of Idaho, or political subdivision thereof.
Idaho Code § 12-120(3).
In Hummer v. Evans, 129 Idaho 274, 280, 923 P.2d 981, 987 (1996), the Court held that termination of employment at will in violation of public policy is a contract action which results in contract damages. The fact that this case proceeded under the Idaho Human Rights Act for discrimination based upon gender and pregnancy does not alter the fact that this is an action arising from employment, a contractual relationship. The overlay of limiting attorney fees when the claim is made pursuant to a statute is one created by the Court not the legislature. The legislation is broad and inclusive. The Court has *200 constricted the statute and created a myriad of exceptions that should not exist. The legislature said that a “commercial transaction” means “all transactions except transactions for personal or household purposes.” This case does not involve a personal or household purpose. It can be classified under either a contract relating to services or a commercial transaction. The fact that there is a statute in place defining a cause of action in employment does not limit the definition of either contract or commercial transaction. The Court made the following analysis in Blimka:
A transaction involving the sale of 26,500 pairs of jeans is not made for personal or household purposes. Rather, it is a business or commercial transaction, as Blimka obviously intended to market the jeans rather than wear them. From time to time the Court has denied fees under I.C. § 12-120(3) on the commercial transaction ground either because the claim sounded in tort or because no contract was involved. The commercial transaction ground in I.C. § 12-120(3) neither prohibits a fee award for a commercial transaction that involves tortious conduct (see Lettunich v. Key Bank Nat’l Ass’n, 141 Idaho 362, 369, 109 P.3d 1104, 1111 (2005)), nor does it require that there be a contract. Any previous holdings to the contrary are overruled. We hold that Blimka is entitled to a fee award on appeal with respect to his fraud claim, as he is seeking recovery of damages sustained as a result of the commercial transaction involved in this case.
Blimka rerouted this Court in the proper direction and interpretation of I.C. § 12-120(3), overruling eases to the contrary. The same logic is applicable in this case. The Court should take the same step it took in Blimka with regard to the interpretation of a commercial transaction when an allegation of tortious conduct was made. If the underlying transaction, though couched in terms of a statutory right, involves a qualifying contract or a commercial transaction, attorney fees should be awarded to the prevailing party. The maze of guesswork should be taken off the table, and those who litigate should be aware that the statute means exactly what it says without judicial overlay.